IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERNE HAYWARD MCKINNEY, | § | |
| SPN #00327460, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0809 |
| | § | |
| RANDY SCHAFFER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Verne Hayward McKinney (SPN #00327460, former TDCJ #410454, #1031453, #359526), is currently in custody at the Harris County Jail.  McKinney has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with a state court conviction.  McKinney appears *pro se* and he seeks leave to proceed *in forma pauperis*.  After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

## I.    BACKGROUND

McKinney complains that he was wrongfully convicted and sentenced to imprisonment following his arrest on September 17, 1985.  Court records show that a jury in the 228th District Court of Harris County, Texas, found McKinney guilty of robbery.  After the jury found that McKinney had at least two prior felony convictions, the same jury sentenced him to serve 60 years in prison.  The conviction was reversed and remanded for a new trial.  *See McKinney v. State*, 722 S.W.2d 506 (Tex. App.— Houston [14th Dist.] 1986,

pet. ref'd).  Thereafter, McKinney entered a guilty plea to the robbery charges on December 24, 1987, in exchange for a 25-year prison sentence.

McKinney now complains that his initial conviction and 60-year sentence was illegal. McKinney sues his appellate attorney, Randy Schaffer, complaining that Schaffer was ineffective.  McKinney also appears to sue the Harris County District Attorney's Office. McKinney seeks $55 million in compensatory damages for "mental anguish" for his wrongful conviction.  The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances.  Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").  The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied

2

that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (citations and internal quotation marks omitted). A complaint lacks an arguable basis in fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989)).

A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citation omitted)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Of course, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle*[ *v. Gamble*, 429 U.S. 97, 106

3

(1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

III.   **DISCUSSION**

McKinney's primary complaint is that, as his appellate attorney, Randy Schaffer violated his civil rights under 42 U.S.C. § 1983 by failing to provide effective assistance of counsel.   McKinney does not allege any facts in support of his claim that Schaffer was ineffective. By McKinney's own admission, his conviction and 60-year sentence were reversed on direct appeal with Schaffer's assistance.   McKinney cannot otherwise state a claim against Schaffer, moreover, because he was not a state actor for purposes of bringing a successful claim under § 1983.

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two elements:  (1) that the conduct complained of was committed by a state actor under color of state law, and (2) that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States.  *See Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990).  It is well settled that criminal defense attorneys, even court-appointed ones, are not state actors for purposes of a suit under 42 U.S.C. § 1983.  *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Mills v. Criminal Dist. Court*

*No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)).  Because McKinney's allegations against his attorney contain no state action, his § 1983 complaint fails to state a claim upon which relief can be granted and lacks merit as a matter of law.  *See Hudson*, 98 F.3d at 873; *see also Biliski v. Harborth,* 55 F.3d 160, 162 (5th Cir. 1995).  Therefore, McKinney's claims against Randy Schaffer must be dismissed.

Moreover, to the extent that McKinney challenges the conviction and 60-year sentence that was overturned on appeal, his complaint is well outside the statute of limitations for filing a civil rights complaint.  *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).  To the extent that McKinney contends that his 1987 guilty plea and 25-year sentence is invalid, this complaint fails for other reasons.

To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983.  *Id.*  Therefore, if a judgment in favor of the plaintiff would "necessarily imply the

invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

McKinney does not allege or show that his 1987 guilty plea, which resulted in a 25-year sentence of imprisonment, has been overturned by an authorized state tribunal or otherwise invalidated on habeas corpus review. Because McKinney's allegations would, if true, necessarily implicate the validity of that conviction, his civil rights claims concerning that conviction are not cognizable under 42 U.S.C. § 1983 at this time and his complaint must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

## IV.  CONCLUSION

McKinney fails to state a valid claim under 42 U.S.C. § 1983 and his complaint is legally frivolous. Accordingly, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

2. Officials at the Harris County Jail are **ORDERED** to deduct funds from the inmate trust account of Verne Hayward McKinney (SPN #00327460) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915A(b) as frivolous and for failure to state a claim.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail**

6

**to: (1) to the Harris County Jail Inmate Trust Fund, Attn: Sergeant M.E. McKinney, 1200 Baker Street, Houston, Texas, 77002, phone: (713) 755-8436, fax: 713-755-4546; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on <u>March 17th</u>, 2010.

Nancy F. Atlas
United States District Judge

7